**Dudley J. PAQUETTE, Appellee,**

**Ramona Paquette**

**v.**

**ATLANSKA–PLOVIDBA and M/V RUDJER BOSKOVIC, Appellants.**

**No. 82–1720.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 14, 1983.

Decided March 10, 1983.

Bruce H. Johnson, Van Evera, Koskinen, Clure, Andrew & Signorelli, Duluth, Minn., for appellants.

Chestnut & Brooks, P.A. by Karl L. Cambronne and Jack L. Chestnut, Minneapolis, Minn., for appellee.

Before BRIGHT, ARNOLD and JOHN R. GIBSON, Circuit Judges.

BRIGHT, Circuit Judge.

The freighter, M/V RUDJER BOSKO-VIC, and her owner, Atlanska-Plovidba (hereinafter the "Vessel Owner"), appeal from a judgment entered in favor of Captain Dudley J. Paquette for injuries Paquette sustained while attempting to disembark from the vessel. The sole issue raised on appeal is whether the district court committed prejudicial error by denying the Vessel Owner an opportunity to cross-examine Paquette's expert economist as to the probable federal income taxes payable in one year on Paquette's foregone income. We hold that the district court erred in this evidentiary ruling, but in the context of this case, no prejudice is shown. We therefore affirm the district court's judgment.

I. *Background.*

Captain Dudley J. Paquette initiated this personal injury action against the M/V RUDJER BOSKOVIC, and her owner Atlanska-Plovidba for personal injuries Paquette sustained while attempting to disembark from the vessel. The action came to trial on May 10, 1982, at which time the Vessel Owner entered into a stipulation that negligence on the part of the crew members had been a cause of Paquette's injuries. The issues at trial were therefore confined to contributory negligence and damages.

During an in-chambers conference on May 11, 1982, counsel for the Vessel Owner announced their intention to cross-examine Paquette concerning his federal income tax status in 1981. Counsel for the Vessel Owner stated that they intended to use the information as foundation for cross-examination of Paquette's expert economist, Dr. Richard Hoyt, whose analysis of Paquette's estimated lost income because of his injuries did not take into account the impact of federal income taxes. Specifically, the Vessel Owner's counsel proposed to present Hoyt with information concerning Paquette's taxable income and allowable exemptions for 1981, along with tax tables from the Internal Revenue Code, and have

Hoyt estimate the amount of lost income that would represent federal income taxes. Counsel for the Vessel Owner believed such information would impress upon the jury the fact that any award it might give Paquette for lost income should not attempt to compensate for federal income taxes. The district court granted leave to proceed over Paquette's general objection.

Paquette subsequently entered into a stipulation, in lieu of cross-examination, regarding his federal income tax status for the year 1981. The court read this stipulation to the jury for the limited purpose of considering federal income taxes with respect to Paquette's claim of lost earnings.

On May 12, 1982, Paquette presented the testimony of his expert economist, Hoyt, who testified as to his estimates of Paquette's lost past and future earnings. Hoyt confined his testimony to estimates of Paquette's loss of future "before tax" earnings, which were estimated to be either $628,694 or $862,095, depending upon the assumptions used. Upon cross-examination by the Vessel Owner, Hoyt conceded that a portion of these amounts would be payable to the federal government as income taxes. Counsel for the Vessel Owner then began to lay foundation to obtain from Hoyt an actual estimate of what portion of Paquette's estimated income lost or foregone for 1983 consisted of an amount which otherwise would be subject to income taxation. Paquette's counsel objected. During the ensuing bench conference, counsel for the Vessel Owner stated that they intended to use the stipulated information regarding Paquette's income tax return in 1981, along with income tax tables from the Internal Revenue Code, for the purpose of having Hoyt estimate how much of Paquette's estimated foregone income for 1983 would have actually gone to the federal government as income taxes if Paquette earned that sum of money. The court sustained the objection, indicating that it did not wish further inquiry into specific income tax consequences.[1]

1. The court, in its decision to sustain the objec-    tion, stated:

On May 13, 1982, the district court submitted the case to the jury. The court instructed the jury that "[y]our award, if any, will not be subject to any income taxes, and you should not consider taxes in fixing the amount of your award." The jury subsequently returned a verdict in favor of Paquette in the amount of $764,793.

II. *Discussion.*

On appeal, the Vessel Owner argues that the district court committed prejudicial error in denying him the opportunity to cross-examine Paquette's expert economist regarding the probable federal income taxes payable by Paquette for the year 1983 on estimated lost earnings.

The United States Supreme Court has rejected the notion that the introduction of evidence describing estimated after-tax earnings is too speculative or complex for a jury. *Norfolk & Western Ry. Co. v. Liepelt,* 444 U.S. 490, 493–94, 100 S.Ct. 755, 757, 62 L.Ed.2d 689 (1980).[2] The *Liepelt* court also held that a trial court should instruct a jury that its award would not be subject to any income taxes. *Id.* at 496–98, 100 S.Ct. at 758–759. The same rules apply to lost future earnings for one who is injured but not killed in an accident. *See e.g., Fanetti v. Hellenic Lines, Ltd.,* 678 F.2d 424, 431–32 (2d Cir.1982).

As we understand the position of the defendant's counsel, they wished to have the expert witness apply the tax tables to show the amount of tax that would be due to a person with Paquette's projected gross earnings for 1983, taking into consideration the same deductions that he had shown in his prior return and the single exemption. In our view, it would have been proper to ask questions in this narrow area. Notwithstanding that the evidence should have been admitted, we think this ruling was harmless in light of the circumstances of this case. In this case, the absence of income tax consideration in the expert's opinion was forceably brought forth to the jury. The economist conceded that he had not taken income taxes into consideration. Additionally, the parties argued that issue, and the court instructed in accordance with the *Liepelt* decision that any award would not be subject to income taxation.

[T]he last thing I need is to have an expert start to calculate taxes on a per year basis. I think I have let you as far as I think is reasonable, caution dictates otherwise. I am concerned that we are going to get into a morass that I am never going to extracate [sic] myself from.

The Supreme Court didn't give me all this guidance about what I am supposed to do next. They said we can get into it and talk about it, that it is not taxable, but from the standpoint of trying to compare the ultimate tax on the award as compared even with—when the Supreme Court recognizes tax on the income from the award they mentioned that that is a factor that they have to shove aside. I guess I just don't think I want to get into calculating it so I guess I will sustain the objection.

**2.** The *Liepelt* court stated:

The amount of money that a wage earner is able to contribute to the support of his family is unquestionably affected by the amount of the tax he must pay to the Federal Government. It is his after-tax income, rather than his gross income before taxes, that provides the only realistic measure of his ability to support his family. It follows inexorably that the wage earner's income tax is a relevant factor in calculating the monetary loss suffered by his dependents when he dies.

\* \* \* \* \* \*

Admittedly there are many variables that may affect the amount of a wage earner's future income-tax liability. The law may change, his family may increase or decrease in size, his spouse's earnings may affect his tax-bracket, and extra income or unforeseen deductions may become available. But future employment itself, future health, future personal expenditures, future interest rates, and future inflation are also matters of estimate and prediction. Any one of these issues might provide the basis for protracted expert testimony and debate. But the practical wisdom of the trial bar and the trial bench has developed effective methods of presenting the essential elements of an expert calculation in a form that is understandable by juries that are increasingly familiar with the complexities of modern life. We therefore reject the notion that the introduction of evidence describing a decedent's estimated after-tax earnings is too speculative or complex for a jury. [490 U.S. 493–94, 100 S.Ct. 757 (footnote omitted).]

We also must note that the defendant did not offer any testimony relating to the amount of income tax liability attributable to projected future earnings. At the time of the ruling, the defendants had not presented their case and were still free to introduce evidence on that subject. Moreover, lead counsel for the defendants stated to the court he might withdraw his question after the trial judge reminded him that if Hoyt were going to calculate the future tax liabilities of Paquette, some consideration needed to be given to the prospect that Paquette could still be subject to income taxes on the interest generated by the jury award. Defense counsel's statement suggests not only his lack of commitment to this line of questioning, but also that he did not deem the evidence of crucial importance. Additionally, defense counsel stated that he required the evidence only for illustrative purposes.

Finally, we note, as bearing on the issue of prejudice, that the jury award does not seem excessive in light of the severe and disabling injuries sustained by Paquette and his consequent inability to function as a pilot.

Accordingly, deeming the error in admissibility of evidence as without prejudice, we affirm the judgment.